FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 AUG -3 PM 2:28
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALVIN SMITH AND KANETHIA SMITH INDIVIDUALLY AND ON BEHALF OF LATOYA SMITH AND KEOSHA SMITH | * | CIVIL ACTION |
| | * | NUMBER 07-3954 |
| VERSUS | * | SECTION |
| | * | MAGISTRATE-JUDGE |
| DIAMOND OFFSHORE COMPANY, DIAMOND OFFSHORE DRILLING INC., DIAMOND OFFSHORE MANAGEMENT COMPANY, DIAMOND OFFSHORE MARINE, INC., DIAMOND OFFSHORE SERVICES COMPANY, AND DIAMOND OFFSHORE (USA) INC. | * * * * | SECT. B MAG. 4 |

Filed ____________ Deputy Clerk ____________

## SEAMAN'S COMPLAINT FOR DAMAGES

The complaint of Alvin Smith and Kanethia Smith, individually and on behalf of their minor children, Latoya Smith and Keosha Smith, residents of the lawful age of majority of the state of Mississippi with respect represents that:

I.

Made defendants herein are Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, Diamond Offshore Marine, Inc., Diamond Offshore Services Company, and Diamond Offshore (USA) Inc.

II.

The jurisdiction of this court is invoked under 28 U.S.C. §1331 in that petitioner's claims arise under 46 U.S.C. §30104, commonly known as the "Jones Act". Further, venue is proper in this court based on 28 U.S.C. §1391(b)(1)&(2) in that one of the defendants is a resident of this

__ Fee 350.
✓ Process
X Dktd
__ CtRmDep
__ Doc. No.

judicial district as of the time of filing this action and substantial part of the acts or omissions giving rise to this claim occurred in this judicial district.

III.

At all material times herein, Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, Diamond Offshore Marine, Inc., Diamond Offshore Services Company, and Diamond Offshore (USA) Inc. (hereinafter collectively referred to as "Diamond Offshore") were the owners and operators of the "Ocean Baroness" (hereinafter sometimes referred to as "the vessel"), a drilling vessel in navigation in the Gulf of Mexico off the coast of Louisiana.

IV.

At all material times herein, Diamond Offshore was the employer of the crew aboard the vessel.

V.

At all material times herein, Alvin Smith was employed by Diamond Offshore and assigned to work aboard the vessel.

VI.

At all material times herein, Alvin Smith was a seaman and a member of the crew of the vessel.

VII.

On or about March 10, 2007 Alvin Smith was performing his usual duties aboard the vessel when he sustained injuries as a result of a defect or vice in the condition of the vessel, its equipment or appertunances, and/or the negligence of defendants, their agents, representatives and employees.

## VIII.

The accident and injuries to Alvin Smith were caused by the acts and/or omissions of Diamond Offshore in the following non-exclusive particulars:

a. Failure to provide a safe place to work;

b. Failure to provide a seaworthy vessel;

c. Failure to warn of unsafe and/or unseaworthy conditions;

d. Failure to provide an adequate and/properly trained crew;

e. Failure to train and supervise its employees, agents and representatives;

f. Failure to follow applicable safety guidelines and regulations;

g. Other acts and/or omissions which may be shown at trial on this matter;

## IX.

Alvin Smith itemizes his past, present and future damages to include but not be limited to the following:

a. Medical Expenses;

b. Loss of earnings and impaired earning capacity;

c. Physical pain and suffering;

d. Mental anguish and emotional trauma;

e. Disability,

f. Scarring and disfigurement;

g. Loss of enjoyment of life;

h. Other damages provided by law or which may be shown at trial of this matter.

**X.**

Plaintiffs have further sustained a loss of consortium including society, services, and intimate relations due to the injuries to Alvin Smith.

**XI.**

Since the incident described above, Alvin Smith has required medical treatment and despite the recommendations of his treating physicians that he continue to receive medical treatment for his injuries, defendants have refused to authorize or agree to pay for the medical treatment recommended.

**XII.**

The decision by defendants refusing to authorize or agree to pay for the medical treatment recommended by Alvin Smith's treating physicians is arbitrary, capricious and without probable cause. Further, the decision has caused harm to plaintiffs who seek all available relief including compensatory damages, penalties, attorneys' fees and punitive damages.

**XIII.**

Plaintiffs elect trial by jury as to all issues.

**WHEREFORE** plaintiffs, Alvin Smith and Kanethia Smith, individually and on behalf of their minor children, Latoya Smith and Keosha Smith, pray that their Seaman's Complaint for Damages be duly cited and served on defendants, Diamond Offshore Company, Diamond Offshore Drilling, Inc., Diamond Offshore Management Company, Diamond Offshore Marine, Inc., Diamond Offshore Services Company, and Diamond Offshore (USA) Inc., and that, after due proceedings had, there be judgment herein in their favor and against defendants, jointly, severally and in solido, for an amount reasonable in the premises, maintenance, cure,

compensatory damages, penalties, attorneys' fees and punitive damages and any other relief which may be available under the law or in equity plus legal interest on all amounts awarded from date of judicial demand until paid;

**PRAYS FURTHER** for trial by jury;

**PRAYS FURTHER** for any and all other relief available;

Respectfully submitted:

**BATEMAN LAW FIRM**

David L. Bateman (LSBA No. 18781)
6010 Perkins Road, Suite A
Baton Rouge, LA 70808
(225) 766-8484 Telephone
(225) 766-8494 Facsimile

Mr. Thomas Pittenger (LSBA No. 21819)
1075 Government Street
Baton Rouge, LA 70802
(225) 379-3333 Telephone
(225) 379-3411 Facsimile