UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN SMITH, ET AL. | CIVIL ACTION |
| VERSUS | NO:     07-03954 |
| DIAMOND OFFSHORE MANAGEMENT CO., ET AL. | SECTION: "B" (4) |

## ORDER

Before the Court is a **Motion to Reconsider (R. Doc. 17)**, filed by the Defendant, Diamond Offshore Co. ("Diamond"), seeking the Court to reconsider its previous Order, granting the Plaintiffs motion to compel as unopposed. In opposition, the Plaintiffs filed a Memorandum in Opposition to Motion to Reconsider (R. Doc. 20). Thereafter, Diamond filed a Reply Memorandum to Plaintiff's Memorandum in Opposition to Motion to Reconsider (R. Doc. 26).

**I.     Background**

This maritime action arises under the Jones Act, 46 U.S.C. § 30104, *et seq*. (R. Doc. 1.) The Plaintiffs allege that the Defendants owned and operated the Ocean Baroness, a drilling vessel in navigating in the Gulf of Mexico off the coast of Louisiana. (R. Doc. 1.) The Defendants also purportedly employed the crew aboard the Ocean Baroness. (R. Doc. 1.)

The Plaintiffs allege that Alvin Smith ("Smith") worked aboard the Ocean Baroness, as a seaman and vessel member for the Defendants. (R. Doc. 1.) On or about March 10, 2007, while Smith performed his usual duties aboard the Ocean Baroness, Smith asserts that a defect or vice in

the condition of the Ocean Baroness, its equipment or its appurtenances caused Smith injuries. (R. Doc. 1.) The Plaintiffs allege that Smith's injuries were caused by the negligence of the Defendants, their agents, representatives, and employees. (R. Doc. 1.) Accordingly, the Plaintiffs seek appropriate damages. (R. Doc. 1.)

On March 4, 2008, the Plaintiffs filed a motion to compel Diamond's responses to their discovery (R. Doc. 13), which was set for hearing on March 19, 2008. Diamond did not file an opposition memorandum within eight (8) days prior to the hearing, as required by Local Rule 7.5E. Therefore, the Court granted the Plaintiffs' motion to compel as unopposed on March 14, 2008. (R. Doc. 16.) On March 17, 2008, Diamond filed the instant motion for reconsideration, seeking the Court to reconsider its Order (R. Doc. 16). Diamond also filed a belated opposition to the Plaintiffs' motion (R. Doc. 18), individually addressing the Plaintiffs' objectionable discovery requests.

In the subject motion, counsel for Diamond indicates that he inadvertently did not file an opposition to the motion on behalf of Diamond because of a mistake in his scheduling calendar. Particularly, he alleges that he accidentally indicated March 19, 2008, the date of the hearing on the motion, as the day that his opposition was due. Therefore, he requests the Court that he personally pay any sanctions against Diamond for its failure to timely oppose the Plaintiffs' motion because of his mistake. He also argues that the Court's Order (R. Doc. 16) creates a manifest injustice because the Plaintiffs' discovery requests were overbroad and request information, such as photographs, that does not exist. Specifically, Diamond directs the Court to the Plaintiffs' request for all documents relating to work performed on the subject vessel for more than five (5) years before the accident and ninety (90) days after the incident as being overbroad.

In opposition, the Plaintiffs reiterate that Diamond's discovery responses are insufficient.

The Plaintiffs maintain that they crafted their discovery to only obtain relevant and targeted answers, however, Diamond has only produced a single accident report and "some" photographs in response. The Plaintiffs still seek information regarding the accident and the operation of the rig. The Plaintiffs maintain that while they are sympathetic to Diamond's position, reconsideration is only warranted where there is a manifest error of law or fact, and there is none here.

**II.     Standard of Review**

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id*. Here, Diamond filed its motion for reconsideration within ten (10) days of the Court's Order[1], and thus Diamond's motion is properly considered under Rule 59(e).

Courts in this District employ Rule 59(e) when ruling on motions to reconsider non-dispositive pre-trial motions. *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96-4172, 1998 WL 166209, (E.D. La. April 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource,* Civ. A. 03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard).

---

[1] The Court issued its Order at issue on March 14, 2008 (R. Doc. 16) and the Defendants filed the subject motion for reconsideration on March 17, 2008 (R. Doc. 17).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co*., 111 F.Supp.2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La. May 26, 2000).

### III.   Analysis

Here, Diamond did not allege (1) that any new evidence has arisen since the Court's decision or (2) that there was an intervening change in the controlling law. Therefore, the only applicable elements that may counsel in favor of reconsidering the Plaintiffs' motion, is whether reconsideration of the motion is necessary to correct or prevent a manifest error of fact or manifest injustice.

Diamond contends that the Court's Order (R. Doc. 16) results in manifest error because of the "absurdity" of the Plaintiffs' discovery requests. Diamond asserts that it will be prejudiced by the granting of the Plaintiffs' motion as unopposed, but the Plaintiffs will not be prejudiced if the Court rules upon the Plaintiffs' motion after considering Diamond's objections to the Plaintiffs' individual discovery requests.

Despite Diamond's contentions, the Court concludes that it has failed to show that reconsideration is appropriate here. As indicated above, reconsideration is an extraordinary remedy

4

that should be used only sparingly and not to present evidence or arguments that should have been raised in the earlier motion.  *See Karim*, 111 F.Supp.2d at 784.  Local Rule 7.5E provides that a party must file an opposition memorandum to a motion within eight (8) days of the hearing on the motion.  Diamond did not oppose the motion by the deadline.  It is not an error or injustice for the Court to evenhandedly apply Local Rule 7.5E against Diamond, who failed to timely oppose the Plaintiffs' outstanding motion.  Diamond should have timely challenged the objectionable nature of the Plaintiffs' discovery requests pursuant to time frame for opposition provided for in the Local Rules.  The Court concludes the extraordinary remedy of reconsideration is not warranted here, where the Court rendered its ultimate ruling because of Diamond's tardy response.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that Diamond's **Motion to Reconsider (R. Doc. 17)** is **DENIED**.

New Orleans, Louisiana, this 12th day of May 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**