UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**ALVIN SMITH, ET AL.**              *       CIVIL ACTION
                                     *
**VERSUS**                           *       NO. 07-3954
                                     *
**DIAMOND OFFSHORE COMPANY, ET AL.** *       SECTION "B"(4)


                         ORDER AND REASONS

     Before the Court is Defendants' Diamond Offshore Management Company ("DOMC") and Diamond Offshore Company ("DOC")(collectively "Defendants"), Motion for Summary Judgment(Rec. Doc. No. 51). Plaintiffs, Alvin Smith ("Smith") and Kanethia Smith, individually and on behalf of Latoya Smith and Keosha Smith (collectively "Plaintiffs") filed a Memorandum in Opposition to the Motion for Summary Judgment(Rec. Doc. No. 74). After review of the pleadings and applicable law, and for the reasons that follow,

     **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

                            *BACKGROUND*

     Plaintiff Alvin Smith was employed by DOMC and assigned to work aboard a semi-submersible drilling vessel. On or about March 10, 2007, Smith sustained injuries while working on the OCEAN BARONESS. At the time of the injury, Smith and a co-employee were attempting to move "subs", pieces of drill pipes, toward "pegs", vertical posts that hold the subs into an upright position, by

                                    1

using a crane. While guiding the sub over the peg, Smith's hand became pinched between two subs and his left hand was injured. Smith filed suit against both DOMC and DOC, alleging negligence of his employer and unseaworthiness of the rig OCEAN BARONESS. DOC has agreed to take responsibility for any unseaworthiness of the rig. Plaintiffs Kanethia Smith, individually and on behalf of Keohsa Smith and Latoya Smith also sued Defendants for loss of consortium, including society, service and intimate relations.

Defendants assert that there is no issue of material fact that Smith was soley responsible for his injuries. Smith cannot present evidence that DOMC was negligent or that the rig was unseaworthy and DOC should be held liable for any alleged conditions. Moreover, DOMC was not the rig owner of the rig and was not responsible for any equipment present on the rig. Defendants further argue that Smith's spouse and children are barred from recovery under the Jones Act and general maritime law for any alleged loss of consortium, society, service and intimate relations resulting from Smith's injury.

Plaintiffs contend that Defendants' actions were the sole cause of Smith's injuries. They argue that Defendants were at fault for the following actions: (i) not having a Job Safety Analysis worksheet ("JSA") that specifically dealt with pinch points and the particular hazards posed by the subs and the sub racks, (ii) for not specifically instructing Smith to place his

hands higher on the sub, (iii) for not providing a tag line with which Smith could have used, instead of his hands, (iv)for not instructing Smith to hold onto the sling instead of the sub, (v) for performing the lift where the crane operator's view was partially obstructed by the handrail/grating and where the crane operator could not see the bottom of the sub and the peg as it was lowered onto the peg, and (vi) for not having a signal/radio man present who could have guided the crane operator in lowering the sub directly on the peg. Furthermore, Plaintiffs assert that the evidence relied upon by Defendants are genuinely disputed and therefore the Motion for Summary Judgment should be denied.

### *DISCUSSION*

**A. *SUMMARY JUDGMENT STANDARD***

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate

that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co., 126 S.Ct. at 2414.* The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. *JONES ACT***

Defendants allege Smith is the sole cause of his injuries and that Plaintiffs cannot show that DOMC acted negligent in any way (Def. Mot. pg. 7). Smith was trained properly and had performed a JSA to discuss the task prior to staring operations. *Id.* Moreover, at the time of the incident, Smith was in direct line of sight with the crane operator and the crane operator had an unobstructed view of the sub rack and Smith. *Id.* However, Smith allowed his hands to change relative to the sub's rotation which allowed his hand to be pinched between the subs. *Id.* at 7. The sub was being lowered slowly and smoothly with no sudden jerk movements by the crane operator. *Id.* Defendants further claim that Smith was properly warned by the JSA that stated "[e]xtreme caution needs to be taken while working in tight spots, like standing subs on the sub rack. *Id.*

4

The Jones Act affords to seamen the same rights that the Federal Employers' Liability Act ("FELA") affords to railroad workers. 46 U.S.C. § 688; *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997). An employer is liable under the Jones Act if the negligence of its employees or agents played even a small role in causing the injury or death for which damages are sought. *Gautreaux*, 107 F.3d at 335. "At the same time, the employer's standard of care is not greater than that of ordinary negligence." *Sanders v. Diamond Offshore Drilling, Inc.*, 2002 WL 31654973 (E.D. La. Nov. 21, 2002) (*citing Gautreaux*, 107 F.3d at 339). The seaman is required to act "with ordinary prudence under the circumstances," which include the seaman's own experience, training, or education. *Id.*

## C. *UNSEAWORTHINESS*

Defendants argue that Smith cannot find that DOC violated any duty it owed to him regarding any unseaworthy conditions of the rig (Def. Mot. pg. 10). Plaintiffs argue that the pegs should have been shaped "like a bullet" like the subs, but Defendants assert that the subs were rentals from another company. *Id.* at 10-11. Defendants claim that Smith admitted that the floor was not wet and that there were no lighting problems at the time of the injury. *Id.* at 11. Besides the error in performing the task, Defendants contend that Smith cannot show any unseaworthy conditions of the rig, which is exactly the type of instantaneous unseaworthiness for

5

which he cannot recover. *Id.* Defendants cite *Friemans v. Sea-Land Service, Inc.* 654 F.2d 1155, 1163 (5th Cir. 1981), where the court ruled that liability did not attach to the rig owner where the purported unseaworthy condition was created simultaneously with the injury. *Id.*

Under general maritime law, a vessel owner has "an absolute nondelegable duty to provide a seaworthy vessel" to crew members. *Florida Fuels, Inc. v. Citgo Petroleum Corp.*, 6 F.3d 330, 332 (5th Cir. 1993)(citing *Brister v. A.W.I. Inc.*, 946 F.2d 350, 355 (5th Cir. 1991)). Unseaworthiness is a claim under general maritime law based on the rig owner's duty to insure that the rig is reasonably fit for its intended use. *Lewis v. Lewis & Clark Marine*, 531 U.S. 438 (2001)(*citing Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539 (1960). A rig is not called upon to have the best of appliances and equipment, or the finest of crews, but only such gear as is reasonably proper and suitable for its intended use and a crew that is reasonably adequate. *Bommarito v. Penrod Drilling Corp.*, 929 F.2d 186 (5th Cir. 1991). The plaintiff must show that any alleged unseaworthiness was the direct or proximate cause of his injury. *Id.*

Plaintiffs provide sufficient evidence to create a genuine issue of material fact as to whether Defendants "played even a small role" in causing Smith's injuries. The crane operator, Nick Bellon testified that he could not see the peg and sub rack while

6

lowering the sub because his view was blocked by a handrail and grating attached to the handrail (Pl. Opp. Ex. A, pgs. 50-51).

Furthermore, the crane operator testified that he should have had a signal man to guide his lowering of the sub onto to peg. *Id.* at 59-60. This testimony was corroborated by Alfred Newman, the safety representative on board at the time of the accident. Newman testified that the task should have been a three-man job. (Pl. Opp. Ex. E, pgs. 81, 91-92).

D. *NON-PECUNIARY LOSSES*

Defendants argue that this Court should grant summary judgment in favor of DOMC and DOC on the grounds that Smith's spouse and children cannot recover for loss of consortium, society, service, and intimate relations, because non-pecuniary losses are precluded under the Jones Act and general maritime law. Plaintiffs do not respond to this argument. The spouse and children of an injured Jones Act seaman do not have causes of action for "loss of consortium, society, service and intimate relations" under the general maritime law. *Murray v. Anthony J. Bertucci Construction Company, Inc.*, 958 F.2d 127 (5th Cir. 1992)(*citing Michel v. Total Transp. Inc.*, 957 F.2d 186, 191 (5th Cir. 1992); *Michel,* 957 F.2d 186 at 191. Moreover, there is no reason to treat a seaman's children differently from an injured seaman's spouse and they too have no claim for non-pecuniary losses. *Id.* at 132. Therefore, since non-pecuniary losses are barred under the Jones Act and

general maritime law, Defendants are entitled to summary judgment with respect to this issue and the claims by Plaintiffs Kanethia Smith, individually and on behalf of Keohsa Smith and Latoya Smith against Defendants, are hereby dismissed.

## *CONCLUSION*

For the aforementioned reasons, Defendants' Motion for Summary Judgment is **GRANTED** as to the non-pecuniary losses claims. To the extent Defendants seek summary judgment on the merits of the negligence and unseaworthiness claims, the Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 25th day of February, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE