**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALVIN SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3954** |
| **DIAMOND OFFSHORE COMPANY, ET AL.** | **SECTION "B"(4)** |

# JURY CHARGES

**MEMBERS OF THE JURY:**

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

YOUR VERDICT MUST BE BASED ONLY ON THE EVIDENCE IN THE CASE. YOU

CANNOT BE GOVERNED BY SYMPATHY OR PREJUDICE OR ANY MOTIVE WHATSOEVER, EXCEPT A FAIR AND IMPARTIAL CONSIDERATION OF THE EVIDENCE, AND YOU MUST NOT ALLOW ANY SYMPATHY THAT YOU MAY HAVE FOR ANY PARTY TO INFLUENCE YOU IN ANY DEGREE IN ARRIVING AT YOUR VERDICT. THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

## CREDIBILITY OF A WITNESS

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY

FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE, OR BY EVIDENCE THAT AT OTHER TIMES THE WITNESS HAS MADE STATEMENTS WHICH ARE INCONSISTENT WITH WITNESS'S PRESENT TESTIMONY. IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU HAVE THE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, SUCH BELIEVABILITY AS YOU MAY THINK IT DESERVES.

IN ADDITION, ALTHOUGH A WITNESS DOES NOT DELIBERATELY TESTIFY FALSELY, SOMETIMES HIS MEMORY MAY BE UNRELIABLE. YOU MAY HAVE A RIGHT TO DISTRUST, OR AT LEAST TO LIMIT, THE WEIGHT YOU GIVE TO SUCH TESTIMONY.

**IMPEACHMENT**

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE, OR BY EVIDENCE THAT AT OTHER TIMES THE WITNESS HAS MADE STATEMENTS WHICH ARE INCONSISTENT WITH THE WITNESS'S PRESENT TESTIMONY. IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU HAVE THE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, SUCH BELIEVABILITY AS YOU MAY THINK IT DESERVES.

IN ADDITION, ALTHOUGH A WITNESS DOES NOT DELIBERATELY TESTIFY FALSELY, SOMETIMES HIS MEMORY MAY BE UNRELIABLE. YOU MAY HAVE A RIGHT TO DISTRUST, OR AT LEAST TO LIMIT, THE WEIGHT YOU GIVE TO SUCH TESTIMONY.

WHERE WITNESSES DISAGREE AS TO CERTAIN EVENTS, YOU MAY OF COURSE TAKE INTO CONSIDERATION THE RELATIVE OPPORTUNITY WHICH EACH WITNESS HAD TO OBSERVE THE EVENTS AT ISSUE WHEN THEY OCCURRED.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID [OR DID] SOMETHING, [OR FAILED TO SAY OR DO SOMETHING] THAT WAS DIFFERENT FROM THE TESTIMONY HE GAVE AT THE TRIAL.

**EXPERT WITNESSES**

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD — HE OR SHE IS CALLED AN EXPERT WITNESS — IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE OR SHE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS OR HER INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS OR HER INCOME.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS BASED UPON INSUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, YOU MAY DISREGARD THE OPINION. IN SUMMARY, YOU ARE NOT BOUND BY EXPERT TESTIMONY. GIVE IT THE WEIGHT TO WHICH YOU THINK IT IS ENTITLED, WHETHER THAT BE GREAT OR SLIGHT AND YOU MAY REJECT SUCH TESTIMONY ENTIRELY IF,

IN YOUR JUDGMENT, THE REASONS GIVEN FOR IT ARE UNSOUND.

HYPOTHETICAL QUESTIONS, THAT IS, QUESTIONS BASED UPON SUPPOSED FACTS, HAVE BEEN PROPOUNDED TO THE EXPERT WITNESSES. IN ORDER FOR THE EXPERT'S RESPONSE TO A HYPOTHETICAL QUESTION TO HAVE ANY VALUE, ALL OF THE ASSUMED FACTS FORMING THE BASIS OF THE OPINION MUST BE FOUND, FROM THE EVIDENCE, TO EXIST AND BE TRUE. THE TRUTH OF EACH ASSUMED FACT IN THE HYPOTHETICAL QUESTION IS FOR YOU TO DETERMINE FROM THE EVIDENCE. IF THE FACTS STATED IN THE HYPOTHETICAL QUESTION ARE ESTABLISHED BY THE EVIDENCE, THEN THE OPINION BASED THEREON MAY AND SHOULD RECEIVE SUCH WEIGHT AND CREDIT AS YOU BELIEVE IT IS ENTITLED TO RECEIVE. BUT, IF YOU FIND THAT THE FACTS STATED IN THE HYPOTHETICAL QUESTION ARE NOT ESTABLISHED BY THE EVIDENCE, THEN THE ANSWER BASED ON THAT QUESTION SHOULD NOT BE GIVEN ANY WEIGHT BY YOU.

AS A GENERAL RULE, THE TESTIMONY OF A TREATING PHYSICIAN SHOULD BE ACCORDED GREATER WEIGHT THAN THAT OF A PHYSICIAN WHO EXAMINES A PATIENT ONLY ONCE OR TWICE. HOWEVER, YOU ARE NOT OBLIGATED TO ACCEPT THE OPINION OF ANY EXPERT, INCLUDING TREATING PHYSICIANS, IF YOU FIND THE OPINION IS NOT RELIABLE OR CREDIBLE IN LIGHT OF ALL EVIDENCE.

**STIPULATIONS**

WHILE WE WERE HEARING EVIDENCE, YOU WERE TOLD THAT THE PLAINTIFF AND THE DEFENDANTS AGREED OR STIPULATED TO CERTAIN FACTS. THIS SIMPLY MEANS THAT THEY ACCEPT THOSE FACTS. THERE IS NO DISAGREEMENT, SO THERE IS NO NEED FOR EVIDENCE BY EITHER SIDE AS TO THOSE FACTS. YOU MUST ACCEPT THESE STIPULATIONS AS PROVEN FACTS.

## OBJECTIONS

DURING THE COURSE OF THE TRIAL, YOU HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE ARE ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

**QUESTIONS BY THE COURT**

DURING THE COURSE OF THE TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED. IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS I HAVE MADE DURING THE COURSE OF THE TRIAL AS A COMMENT ON EVIDENCE, THEN I INSTRUCT YOU TO DISREGARD ANY SUCH COMMENT, FOR YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

**BURDEN OF PROOF**

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF ITS CLAIMS AGAINST THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU SHOULD FIND FOR THE DEFENDANTS.

A "PREPONDERANCE OF THE EVIDENCE" MEANS THE GREATER WEIGHT AND DEGREE OF CREDIBLE EVIDENCE BEFORE YOU. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE THAT PERSUADES YOU THAT A CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

PLAINTIFF NEED ONLY PROVE HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE. THE PLAINTIFF NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND NEED NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN PLAINTIFF'S FAVOR.

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE-SUCH

AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE-THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

**LIABILITY**

THE PLAINTIFF IS ASSERTING TWO SEPARATE CLAIMS AGAINST THE DEFENDANTS IN THIS CASE. THE PLAINTIFF'S FIRST CLAIM UNDER A FEDERAL STATUTE OR LAW KNOWN AS THE JONES ACT IS THAT THE PLAINTIFF'S EMPLOYER, DIAMOND OFFSHORE MANAGEMENT COMPANY, WAS NEGLIGENT AND THAT ITS NEGLIGENCE WAS THE CAUSE OF THE PLAINTIFF'S INJURIES. THE PLAINTIFF'S SECOND CLAIM IS THAT THE VESSEL, OCEAN BARONESS, WAS UNSEAWORTHY AND THAT THIS UNSEAWORTHINESS CAUSED HIS INJURIES.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE BOTH OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES EITHER OF THEM. HOWEVER, HE MAY ONLY RECOVER THOSE DAMAGES OR BENEFITS THAT THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES; HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

**JONES ACT**

UNDER THE JONES ACT, THE PLAINTIFF MUST PROVE THAT HIS EMPLOYER WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT.

YOU MUST DETERMINE WHETHER THE PLAINTIFF, ALVIN SMITH, WAS ACTING AS A SUPERVISOR OF THE JOB ON THE DATE OF HIS ALLEGED ACCIDENT. A SUPERVISOR IS DEFINED AS ONE WITH IMMEDIATE OR SUCCESSIVELY HIGHER AUTHORITY OVER ONE OR MORE OTHERS.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

THE MERE FAILURE TO INSTRUCT AND SUPERVISE A SEAMAN DOES NOT

EQUATE TO JONES ACT NEGLIGENCE WHEN THE SEAMAN IS FULLY KNOWLEDGEABLE OF THE AVAILABLE SAFE METHOD.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

**UNSEAWORTHINESS**

WITH REGARD TO PLAINTIFF'S SECOND CLAIM–THE CLAIM OF UNSEAWORTHINESS-THE OWNER OF A VESSEL, SUCH AS DIAMOND OFFSHORE COMPANY, OWNER OF THE OCEAN BARONESS, OWES TO EVERY MEMBER OF THE CREW THE ABSOLUTE DUTY KEEP AND MAINTAIN THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE DIAMOND OFFSHORE COMPANY MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF A VESSEL OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL–A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE–NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. THE VESSEL OWNER NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THEIR ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT OR THE FINEST OR CREWS, ON HIS VESSEL. HE IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE, AND A CREW THAT IS REASONABLY ADEQUATE.

THE MERE EXISTENCE OF AN ALTERNATIVE METHOD OF WORK OR OF

ALTERNATIVE EQUIPMENT IS INSUFFICIENT TO RENDER A VESSEL UNSEAWORTHY. THE PLAINTIFF MUST PRESENT SUFFICIENT EVIDENCE TO RAISE A QUESTION WHETHER A METHOD OPERATION IS UNSAFE BEFORE A FULLY EQUIPPED VESSEL WITH ALL OF ITS GEAR IN GOOD WORKING ORDER CAN BE RENDERED UNSEAWORTHY. THE AVAILABILITY OF MECHANICAL MEANS DOES NOT RENDER MANUAL MEANS OF DOING A JOB UNSAFE, AND THEREFORE THE RIG UNSEAWORTHY, IF THE EVIDENCE DEMONSTRATES THAT THE MANUAL METHOD IS SAFE.

**CURE**

CURE IS SEAMAN'S REMEDY, WHICH PROVIDES A SEAMAN, WHO IS DISABLED BY INJURY OR ILLNESS WHILE IN THE SERVICE OF THE SHIP, MEDICAL CARE AND TREATMENT, AND THE MEANS OF MAINTAINING HIMSELF, WHILE RECUPERATING. YOU SHOULD UNDERSTAND THAT A SEAMAN IS ENTITLED TO CURE EVEN IF HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF HIS EMPLOYER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER CURE, THE PLAINTIFF NEED ONLY SHOW THAT HE SUFFERED INJURY OR ILLNESS WHILE IN THE SERVICE OF THE VESSEL ON WHICH HE WAS EMPLOYED AS A SEAMAN, WITHOUT WILLFUL MISBEHAVIOR ON HIS PART. THE INJURY OR ILLNESS NEED NOT BE WORK RELATED, IT NEED ONLY OCCUR WHILE THE SEAMAN IS IN THE SERVICE OF THE SHIP. AND CURE MAY NOT BE REDUCED BECAUSE OF ANY NEGLIGENCE ON THE PART OF THE SEAMAN.

THE "CURE" TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COST OF MEDICAL ATTENTION, INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS THE COST OF HOSPITALIZATION, MEDICINES AND MEDICAL APPARATUS. HOWEVER, THE EMPLOYER DOES NOT HAVE A DUTY TO PROVIDE CURE FOR ANY PERIOD OF TIME DURING WHICH A SEAMAN IS HOSPITALIZED AT THE EMPLOYER'S EXPENSE..

A SEAMAN IS ENTITLED TO RECEIVE CURE FROM THE DATE THAT HE LEAVES THE VESSEL UNTIL HE REACHES THE POINT OF WHAT IS CALLED "MAXIMUM CURE." MAXIMUM CURE IS THE POINT AT WHICH NO FURTHER IMPROVEMENT IN THE

SEAMAN'S MEDICAL CONDITION IS REASONABLY EXPECTED. THUS, IF IT APPEARS THAT A SEAMAN'S CONDITION IS INCURABLE, OR THAT THE TREATMENT WILL ONLY RELIEVE PAIN BUT WILL NOT IMPROVE A SEAMAN'S PHYSICAL CONDITION, HE HAS REACHED MAXIMUM CURE. THE OBLIGATION TO PROVIDE CURE USUALLY ENDS WHEN QUALIFIED MEDIAL OPINION IS TO THE EFFECT THAT MAXIMUM POSSIBLE CURE HAS BEEN ACCOMPLISHED.

IF THE EVIDENCE SUPPORTS A FINDING THAT ECONOMIC NECESSITY FORCED THE SEAMAN TO RETURN TO WORK PRIOR TO REACHING MAXIMUM CURE, YOU MAY TAKE THAT FINDING INTO CONSIDERATION IN DETERMINING WHEN THE PERIOD FOR CURE ENDS.

**CONTRIBUTORY NEGLIGENCE**

THE DEFENDANTS CONTEND THAT THE PLAINTIFF WAS NEGLIGENT AND THAT HE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. THE DEFENDANTS HAVE THE BURDEN OF PROVING THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT AND THAT HIS NEGLIGENCE CAUSED OR CONTRIBUTED TO HIS INJURY. IF THE PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE MAY NEVERTHELESS RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN, SUCH AS THE PLAINTIFF, IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, INCLUDING TRAINING, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, A SEAMAN HAS A DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

IF YOU FIND THE DEFENDANT LIABLE FOR THE ACCIDENT, BUT ALSO FIND THAT THE PLAINTIFF WAS NEGLIGENT AND THAT HIS NEGLIGENCE CONTRIBUTED TO HIS INJURIES, THEN YOU MUST DETERMINE THE PERCENTAGE THAT PLAINTIFF'S NEGLIGENCE CONTRIBUTED TO HIS INJURIES. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE VERDICT FORM WHICH I HAVE GIVEN TO YOU. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF

DAMAGES THAT YOU AWARD TO PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO THE PLAINTIFF, IF ANY.

**CAUSATION**

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY. IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR DEFENDANTS' ALLEGED NEGLIGENCE AND THE PLAINTIFF'S ALLEGED CONTRIBUTORY NEGLIGENCE, ANY INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART.

IN AN UNSEAWORTHINESS CLAIM, THE PLAINTIFF MUST SHOW, NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

THERE CAN BE MORE THAN ONE CAUSE-IN-FACT OF AN ACCIDENT.

## CONSIDER DAMAGES ONLY IF NECESSARY

IF PLAINTIFF HAS PROVEN HIS CLAIMS AGAINST DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PARTICULAR PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING INSTRUCTIONS ABOUT PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER DEFENDANTS ARE LIABLE. ✓ I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT DEFENDANTS ARE LIABLE AND THAT PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM DEFENDANTS.

## COMPENSATORY DAMAGES

THERE ARE TWO TYPES OF DAMAGES WHICH ARE PERMISSIBLE IN THIS TYPE OF CASE. THE FIRST IS KNOWN AS COMPENSATORY DAMAGES.

YOU WILL ALSO BE ASKED TO DETERMINE WHETHER DEFENDANTS ARE LIABLE FOR PUNITIVE DAMAGES AND, IF SO, YOU WILL BE ASKED TO FIX THE AMOUNT OF THOSE DAMAGES. BECAUSE THE METHODS OF DETERMINING PUNITIVE DAMAGES AND COMPENSATORY DAMAGES DIFFER, I WILL INSTRUCT YOU SEPARATELY ON PUNITIVE DAMAGES LATER IN THESE INSTRUCTIONS. THE INSTRUCTIONS I NOW GIVE YOU APPLY ONLY TO YOUR AWARD, IF ANY, OF COMPENSATORY DAMAGES.

IF YOU FIND THAT DEFENDANTS ARE LIABLE TO PLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE—THAT IS, TO COMPENSATE HIM FOR THE DAMAGE THAT HE HAS SUFFERED. COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT THE PLAINTIFF MAY HAVE INCURRED BECAUSE OF HIS INJURIES. IF PLAINTIFF WINS, HE IS ENTITLED TO COMPENSATORY DAMAGES FOR THE PAIN AND SUFFERING, MENTAL ANGUISH, SHOCK AND DISCOMFORT THAT HE HAS SUFFERED BECAUSE OF THE DEFENDANTS' CONDUCT.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT

PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE DEFENDANT. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT PLAINTIFF HAS ACTUALLY SUFFERED OR ARE REASONABLY LIKELY TO SUFFER IN THE FUTURE. THIS MUST BE SHOWN BY A PREPONDERANCE OF THE EVIDENCE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT PLAINTIFF PROVES THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGE, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE:

(1) PAST, PRESENT, AND FUTURE: MENTAL ANGUISH AND PAIN AND SUFFERING; (2) PAST AND FUTURE: LOSS OF WAGES AND LOSS OF EARNING CAPACITY; AND (3) LOSS OF CAPACITY FOR ENJOYMENT OF LIFE, DISABILITY, AND UNPAID MEDICAL EXPENSES.

ANY AWARD OF COMPENSATORY DAMAGES THAT YOU MAKE FOR PURELY NON-PHYSICAL INJURY IS SUBJECT TO INCOME TAX.

## CALCULATION OF PAST AND FUTURE DAMAGES

IF YOU FIND FOR THE PLAINTIFF, HE IS ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HIM FOR ANY DAMAGES HE HAS SUFFERED TO DATE.

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER DAMAGES IN THE FUTURE, THEN YOU SHOULD AWARD HIM THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HIM FOR SUCH FUTURE DAMAGES.

AS AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE DAMAGES, INCLUDING FUTURE EARNINGS, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES.

IF YOU AWARD DAMAGES FOR LOSS OF FUTURE EARNINGS, YOU MUST CONSIDER TWO PARTICULAR FACTORS:

1. YOU SHOULD REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES THAT THE PLAINTIFF WOULD HAVE INCURRED IN MAKING THOSE EARNINGS.

2. IF YOU MAKE AN AWARD FOR FUTURE LOSS OF EARNINGS, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE

THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF HE RECEIVES IT IN THE FUTURE, WHEN HE WOULD HAVE OTHERWISE EARNED IT. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE WOULD HAVE EARNED THE MONEY. THUS, YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE LOSS OF EARNINGS BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THE AMOUNT IN THE FUTURE. HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR MENTAL ANGUISH.

IF YOU FIND THAT PLAINTIFF IS REASONABLY CERTAIN TO SUFFER MENTAL ANGUISH, PAIN AND SUFFERING OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE IN THE FUTURE AS A PROXIMATE RESULT OF DEFENDANTS' CONDUCT, THEN YOU SHOULD AWARD HIM THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HIM FOR SUCH FUTURE DAMAGES.

## INJURY/PAIN/LOSS
## OF CAPACITY FOR ENJOYMENT OF LIFE

YOU MAY AWARD DAMAGES FOR PLAINTIFF'S PAIN AND SUFFERING, MENTAL ANGUISH, AND/OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF DEFENDANTS' CONDUCT. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL ANGUISH, MENTAL PAIN AND SUFFERING OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE

**PUNITIVE DAMAGES**

IF YOU FIND THAT THE DEFENDANTS ARE LIABLE FOR PLAINTIFF'S DAMAGES, YOU MUST AWARD THE PARTICULAR PLAINTIFF THE COMPENSATORY DAMAGES THAT HE HAS PROVEN. IN ADDITION, YOU MAY AWARD PUNITIVE DAMAGES IF THE PLAINTIFF HAS PROVEN THAT DEFENDANT, DIAMOND OFFSHORE COMPANY, WANTONLY OR WILLFULLY FAILED TO PROVIDE THE PLAINTIFF WITH A SEAWORTHY VESSEL, AND THAT FAILURE WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES. YOU MAY ALSO AWARD PUNITIVE DAMAGES IF THE PLAINTIFF HAS PROVEN THAT DEFENDANT, DIAMOND OFFSHORE MANAGEMENT COMPANY, WANTONLY OR WILLFULLY DISREGARDED ITS ~~MAINTENANCE AND~~ CURE OBLIGATION. A PERSON ACTS WILLFULLY OR WANTONLY IF HE ACTS IN RECKLESS OR CALLOUS DISREGARD OF, OR WITH INDIFFERENCE TO, THE RIGHTS OF THE PLAINTIFF.

IF YOU DETERMINE THAT DEFENDANTS' CONDUCT WAS SO SHOCKING AND OFFENSIVE AS TO JUSTIFY AN AWARD OF PUNITIVE DAMAGES, YOU MAY EXERCISE YOUR DISCRETION TO AWARD THOSE DAMAGES. IN MAKING ANY AWARD OF PUNITIVE DAMAGES, YOU SHOULD CONSIDER THAT THE PURPOSE OF PUNITIVE DAMAGES IS TO PUNISH A DEFENDANT FOR MALICE OR RECKLESS INDIFFERENCE TO THE FEDERALLY PROTECTED RIGHTS OF AN AGGRIEVED INDIVIDUAL, AND TO DETER THE DEFENDANT AND OTHERS FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE. THE LAW DOES NOT REQUIRE YOU TO

AWARD PUNITIVE DAMAGES. HOWEVER, IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, YOU MUST USE SOUND REASON IN SETTING THE AMOUNT OF THE DAMAGES. THE AMOUNT OF AN AWARD OF PUNITIVE DAMAGES MUST NOT REFLECT BIAS, PREJUDICE OR SYMPATHY TOWARD ANY PARTY. IT SHOULD BE PRESUMED THAT A PLAINTIFF HAS BEEN MADE WHOLE BY COMPENSATORY DAMAGES, SO PUNITIVE DAMAGES SHOULD BE AWARDED ONLY IF THE DEFENDANTS' MISCONDUCT, AFTER HAVING PAID COMPENSATORY DAMAGES, IS SO REPREHENSIBLE AS TO WARRANT THE IMPOSITION OF FURTHER SANCTIONS TO ACHIEVE PUNISHMENT OR DETERRENCE. YOU MAY CONSIDER THE FINANCIAL RESOURCES OF THE DEFENDANT IN FIXING THE AMOUNT OF PUNITIVE DAMAGES.

ANY AWARD OF PUNITIVE DAMAGES WOULD BE SUBJECT TO INCOME TAX.

**LIMITING INSTRUCTION**

YOU WILL RECALL THAT DURING THE COURSE OF THIS TRIAL, I INSTRUCTED YOU THAT I ADMITTED CERTAIN TESTIMONY FOR A LIMITED PURPOSE. I INSTRUCTED YOU THAT YOU MAY CONSIDER SUCH EVIDENCE ONLY FOR THE SPECIFIC LIMITED PURPOSE FOR WHICH IT WAS ADMITTED.

**USE OF NOTES TAKEN BY JURORS**

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

## DELIBERATIONS

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO REACH A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. YOUR VERDICT MUST BE UNANIMOUS AS TO EACH QUESTION ON THE VERDICT FORM.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.

IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OF THE EVIDENCE OR THE EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT. REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES - - JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THE EXHIBITS WHICH THE COURT HAS ADMITTED INTO EVIDENCE. YOU WILL ALSO SELECT ONE FOREPERSON, WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND SPEAK FOR YOU IN COURT.

A SPECIAL VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE. YOU

WILL TAKE THAT FORM TO THE JURY ROOM. IT READS AS FOLLOWS:

**[SPECIAL VERDICT FORM IS READ TO THE JURY.]**

YOU WILL NOTE THAT THE FORM CONTAINS INTERROGATORIES OR QUESTIONS. YOU MUST CAREFULLY FOLLOW THE DIRECTIONS ON THE FORM. THE ANSWER TO EACH QUESTION MUST BY THE UNANIMOUS ANSWER OF THE JURY. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN YOUR ANSWERS ON THE FORM.

DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NOT DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION UNTIL YOU ARE DISCHARGED. AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON WILL DATE AND SIGN THE SPECIAL VERDICT FORM.

IF YOU RECESS DURING DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL.

IF IT BECOMES NECESSARY TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD GIVE A WRITTEN MESSAGE OR QUESTION TO THE COURT SECURITY OFFICER, WHO WILL BRING IT TO ME. I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURTROOM TO ANSWER YOUR MESSAGE ORALLY. UNDER EITHER CIRCUMSTANCE, I WILL RELATE YOUR MESSAGE OR QUESTION AND MY RESPONSE TO COUNSEL BEFORE REPLYING TO YOU.

YOU MAY NOW RETIRE TO THE JURY ROOM TO DELIBERATE AFTER FIRST SELECTING YOUR FOREPERSON.